Sheehan & Associates, P.C.
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-5101
Telephone: (516) 303-0552

United States District Court
Eastern District of New York                                   1:20-cv-04036

| | |
|---|---|
| Ruby Harrisingh, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Complaint |
| Naked Juice Co. of Glendora, Inc., | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Naked Juice Co. of Glendora, Inc.  ("defendant") manufactures, distributes, markets, labels and sells coconut water under its "Naked"  brand ("Product").

2.     The Product is available to consumers from retail and online stores of third-parties and is sold in in sizes including 16.9 OZ.

3.     The front label representations include "Pure Coconut Water" and "With Other Natural Flavors."

4.     Reasonable consumers understand the term "pure" to describe a food without any added ingredients.

5.     The dictionary defines "pure" as "without any extraneous and unnecessary elements."[1]

---

[1] Google search: pure definition.

6.     The representations are misleading because the Product is not "pure," as indicated through the front label statement of "With Other Natural Flavors."



7.     The Product's name, "(Pure) Coconut Water With Other Natural Flavors," is presented on the front label in a way designed to mislead consumers. 21 C.F.R. 101.22(i)(1)(iii).

8.     The elements of the Product's name are separated, with "Pure Coconut Water" at the top of the label and "With Other Natural Flavors" at the base.

9.     While "Pure Coconut Water" is in bold type on a white background, "With Other Natural Flavors" is located amidst other label statements, above a background which makes identifying this statement difficult.

2

10.    The term "with other natural flavor" refers to flavors that are from sources other than coconut. 21 C.F.R. 101.22(i)(1)(iii).

11.    The ingredient list states:



**INGREDIENTS:** ORGANIC     COCONUT     WATER     AND NATURAL FLAVOR.

12.    Consumers are unaware of the differences between "other natural flavors" on the front label and "natural flavor" on the ingredient list, such that they are unable to reconcile the "Pure" claim with the added flavors.

13.    Consumers are misled because they will think the Product's added flavors come from coconuts, given the description of the Product as "pure."

14.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

15.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiffs.

16.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

17.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

18.    As a result of the false and misleading labeling, the Product is an sold at a premium

price, approximately no less than $2.29 for 16.9 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

Jurisdiction and Venue

19.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

20.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

21.    Plaintiff Ruby Harrisingh is a citizen of New York.

22.    Defendant Naked Juice Co. of Glendora, Inc., is a California corporation with a principal place of business in Purchase, Westchester County, New York and is a citizen of California and New York.

23.    "Minimal diversity" exists because plaintiff Ruby Harrisingh and defendant are citizens of different states.

24.    Minimal diversity exists because plaintiff seeks to represent persons in all states who purchased the Products. *Gonzales v. Agway Energy Services, LLC*, No. 18-cv-235 (N.D.N.Y. Oct. 22, 2018) ("At this time, the allegation that some class member maintains diversity with Defendant is sufficient to establish minimal diversity under CAFA" and citing 28 U.S.C. § 1332(d)(1)(D) "'the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.'").

25.    Certain exceptions preclude diversity jurisdiction. 28 U.S.C. § 1332(d)(4).

26.    The "local controversy" exception does not apply because less than two-thirds of the

putative class members are citizens of New York.

27.    Under the "local controversy" exception, a district court must decline jurisdiction if "more than two-thirds of the putative class members are citizens of the state in which the action was originally filed. *See Green v. Sweetworks Confections, LLC*, No. 18-cv-902 (S.D.N.Y. Aug. 21, 2019) quoting 28 U.S.C. § 1332(d)(4)(A).

28.    The "local controversy" exception is not satisfied because less than two-thirds of proposed class members are citizens of New York.

29.    This fact can plausibly be alleged because defendant sells the Product in every other state and New York's population is not equivalent to two-thirds of the population of the United States.

30.    For the local controversy exception to apply, defendant would need to receive more than two-thirds of its customers from a state that contains less than ten percent of the country's population, which it does not.

31.    Under the "home state controversy" exception to CAFA, a district court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

32.    For the same reasons that the local controversy exception does not apply, the home state controversy does not apply.

33.    Upon information and belief, sales of the Product in New York exceed $5 million per year, exclusive of interest and costs.

34.    Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this District, *viz*, the decision of plaintiff to purchase

the Product and the misleading representations and/or their recognition as such.

35.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

Parties

36.    Plaintiff is a citizen of Brooklyn, Kings County, New York.

37.    Defendant Naked Juice Co. of Glendora, Inc. is a California corporation with a principal place of business in Purchase, New York, Westchester County.

38.    Defendant sells juice beverages under the "Naked" brand.

39.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal and household use in reliance on the representations of the Product referenced herein.

40.    Plaintiff Ruby Harrisingh purchased the Product on one or more occasions, during the relevant period, at stores including but not necessarily limited to, Pathmark, 1525 Albany Ave, Brooklyn, NY 11210, in or around October 2019.

41.    Plaintiff bought the Product at or exceeding the above-referenced prices because she liked the product for its intended use, expected its components to only be from coconuts, because that is how she understood the term "Pure."

42.    Plaintiff was deceived by and relied upon the Product's deceptive labeling.

43.    Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

44.    The Product was worth less than what Plaintiff paid for it and she would not have paid as much absent Defendant's false and misleading statements and omissions.

45.    Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labels are consistent with the Product's components.

6

## Class Allegations

46.     The class will consist of all purchasers of the Product who reside in New York and the other forty-nine (49) states during the applicable statutes of limitations.

47.     Plaintiff will seek class-wide injunctive relief based on Rule 23(b) in addition to monetary relief class.

48.     Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

49.     Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

50.     Plaintiff is an adequate representatives because her interests do not conflict with other members.

51.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

52.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

53.     Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

54.     Plaintiff seeks class-wide injunctive relief because the practices continue.

### New York General Business Law ("GBL"), §§ 349 & 350
### (Consumer Protection Statutes)

55.     Plaintiff incorporates by reference all preceding paragraphs.

56.     Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

7

57.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

58.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

59.    Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

60.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

61.    Plaintiff incorporates by reference all preceding paragraphs.

62.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

63.    Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

64.    This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

65.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

66.    Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

67.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and</u>
<u>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

68.    Plaintiff incorporates by reference all preceding paragraphs.

69.    The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiff and class members that they possessed substantive, quality, compositional and/or environmental which they did not.

70.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

71.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

72.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

73.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

74.    The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

75.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

76.    Plaintiff incorporates by reference all preceding paragraphs.

77.    Defendant misrepresented the substantive, quality, compositional and/or environmental attributes of the Product.

78.    Defendant's fraudulent intent is evinced by its failure to accurately identify the

Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

79.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

80.    Plaintiff incorporates by reference all preceding paragraphs.

81.    Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:    August 29, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-04036
United States District Court
Eastern District of New York

Ruby Harrisingh, individually and on behalf of all others similarly situated,

                              Plaintiff,

        - against -

Naked Juice Co. of Glendora, Inc.,

                              Defendant

## Complaint

```
        Sheehan & Associates, P.C.
         60 Cuttermill Rd Ste 409
         Great Neck NY 11021-3104
            Tel: (516) 303-0552
            Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  August 29, 2020

                                        /s/ Spencer Sheehan
                                        Spencer Sheehan